provided in [FERCCA] under regulations prescribed by the Office before the effective date of this title." Section 839.221 of the regulations provides that an employee who had an opportunity to correct a retirement coverage error under section 846.204(b)(2) is not entitled to a second election opportunity under FERCCA. *See also* Corrections of Retirement Coverage Errors Under the Federal Erroneous Retirement Coverage Corrections Act, 66 Fed.Reg. 15,606, 15,607 (Mar. 19, 2001) ("Those who had the opportunity to elect coverage under* OPM's existing regulations at § 846.204(b)(2) may not have another election opportunity based on the same retirement coverage error."). Accordingly, we uphold the Board's decision that Mr. Tekeley was not improperly denied his right to elect a retirement option other than FERS.

### In re INNOVATION LAW GROUP, LTD.

No. 2006–1170.

United States Court of Appeals, Federal Circuit.

March 10, 2006.

### ORDER

Upon consideration of Innovation Law Group, Ltd.'s unopposed motion to voluntarily dismiss its appeal,

an error, which was previously afforded by 5 C.F.R. § 846.204(b)(2). Mr. Tekeley's current claim is based on FERCCA, and his argument is that FERCCA affords him an opportunity to correct erroneous retirement coverage. Sec-

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

### PRO–TECH WELDING AND FABRICATION, INC., Plaintiff–Appellant,

v.

Thomas P. LAJUETT and Gerald S. Lajuett (both individually and doing business as R.C.S. Sno–Pro), Steven Sepaniak, RCS Manufacturing and Development, LLC, and Rochester Custom Steel, Inc., Defendants–Appellees,

and

Westchester Machinery & Supply Co., Inc. and J & S Truck and Equipment Sales and Service, Defendants.

Nos. 05–1395, 05–1411.

United States Court of Appeals, Federal Circuit.

March 13, 2006.

tion 2133, however, has the effect of maintaining the prohibition on second chances, a prohibition that existed prior to the enactment of FERCCA.

Before LOURIE, LINN, and DYK, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and AD-JUDGED:

*AFFIRMED. See* Fed. Cir. R. 36.

**Judgment**

PER CURIAM:

This CAUSE having been heard and considered, it is ORDERED and AD-JUDGED:

*AFFIRMED. See* Fed. Cir. R. 36.

CATALYST & CHEMICAL SERVICES, INC., Whisper Wash Development Corporation and John Gaughan, Plaintiffs–Appellants,

v.

GLOBAL GROUND SUPPORT and William E. Dempsey, Defendants–Appellees.

No. 05–1454.

United States Court of Appeals, Federal Circuit.

March 13, 2006.

ULTRATECH, INC., Plaintiff–Appellant,

v.

TAMARACK SCIENTIFIC CO., INC., Defendant–Appellee.

No. 05–1421.

United States Court of Appeals, Federal Circuit.

March 14, 2006.

Rehearing and Rehearing En Banc Denied April 20, 2006.

Before MICHEL, Chief Judge, MAYER and BRYSON, Circuit Judges.

Before BRYSON, GAJARSA, and LINN, Circuit Judges.